**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CORTEZ LAPIERRE DRAPER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, CASH MONEY RECORDS, BRIAN BABY WILLIAMS, LIL WAYNE, RONALD SLIM WILLIAMS,<br><br>Defendants. | ) | No. 2:25-cv-02986-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed August 12, 2026. (ECF No. 16.) In the R&R, the Magistrate Judge recommends that the Court dismiss pro se Plaintiff Cortez Lapierre Draper's complaint without prejudice for lack of subject matter jurisdiction.

The R&R recommends sua sponte dismissal pursuant to Local Rule 4.1(b)(2) and 28 U.S.C. § 1915(e)(2)(B). Under the Local Rule, the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B). Under § 1915(e)(2)(B), the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

When a magistrate judge submits proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim under 28 U.S.C. § 636(b)(1)(B), "[w]ithin 14

days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On August 21, 2026, Draper filed a document that he asserts contains additional information about his case, including that he has "made hand writing mistakes because of invisible immortal alien alive ghost technology that can take control of my writing hand," and that Defendants are "using ghost technology . . . that communicates with me and accompanies me daily and it is a burden and troublesome and disturbing." (ECF No. 17 at PageID 71.) Then, on August 27, Draper filed another document in which he stated that he "want[s] to file written objections to the proposed findings and recommendations by the United States District Court for lack of subject matter jurisdiction. I want to appeal the process. Please don't dismiss my claims because Cash Money Records is guilty." (ECF No. 18 at PageID 76.)

In neither document does Draper specifically object to any of the findings of fact or conclusions of law in the R&R. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R properly explains that "Draper's overarching contention that Defendants are surveilling and controlling him through secret technology are the kinds of claims deemed to be frivolous and dismissed for lack of subject matter jurisdiction during the § 1915(e) screening process." (ECF No. 16 at PageID 67.)

This Court agrees with the Magistrate Judge's conclusion. Therefore, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES** the complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 20th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE